IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICRO FOCUS (US) INC., et al.,

        Plaintiffs,

v.

INSURANCE SERVICES OFFICE INC.,

        Defendant.

Civil Action No. 15-252-RGA

## MEMORANDUM ORDER

Presently before the Court is Defendant's motion to strike Plaintiffs' Supplemental Response to Interrogatory No. 2. (D.I. 143). The matter has been fully briefed. (D.I. 144, 146, 152).[1] The Court heard oral argument on January 31, 2018. (D.I. 159). For the reasons that follow, Defendant's motion (D.I. 143) is denied.

### I. BACKGROUND

On March 20, 2015, Plaintiffs filed this action against Defendant alleging breach of contract and copyright infringement. (D.I. 1). With the Court's permission, Plaintiffs filed a First Amended Complaint ("FAC") on October 9, 2015. (D.I. 24).

The action arises from Defendant's alleged breach of the End User License Agreement ("EULA") governing Defendant's use of Plaintiffs' software products. (*Id.* ¶ 7). The FAC alleges that Defendant entered into a EULA defining the terms under which Defendant could use Plaintiffs' Net Express software in its Company Edit Packages ("CEP") software and

---

[1] The Court has received supplemental letters from the parties. (D.I. 158, 160). They do not impact the Court's decision.

ClaimSearch Israel database. (*See id.* ¶¶ 30, 47, 55–56). It further alleges that Defendant breached the EULA by failing to purchase licenses to permit Defendant's customers to use Plaintiffs' software, which is "embedded in" Defendant's CEP and ClaimSearch Israel products. (*Id.* ¶¶ 49, 55).

Plaintiffs attached to the FAC a copy of the EULA, which they alleged governs the parties' relationship. (*Id.*, Exh. C).[2] That EULA is designated as LIC-GEN-MF014 (the "MF14 EULA"). (*Id.*).

Plaintiffs subsequently changed their contention in regard to which EULA governs. In particular, Plaintiffs' Rule 30(b)(6) witness testified on January 5, 2017 that LIC-GEN-MF001 (the "MF1 EULA") governs as to Defendant's CEP product. (D.I. 146 at 13; D.I. 144 at 9). Further, after the close of fact discovery, Plaintiffs discovered errors in their internal records, leading them to change their contention about which version of MF14 governs as to Defendant's ClaimSearch Israel database. (D.I. 146 at 14; *see also* D.I. 117).

On April 25, 2017, Plaintiffs moved for leave to amend the FAC. (D.I. 93).[3] In their proposed Second Amended Complaint ("SAC"), Plaintiffs allege the G1 EULA governs Defendant's use of Plaintiffs' software in its CEP product. (D.I. 94, Exh. 1 at ¶ 36). The proposed SAC maintains that the MF14 EULA governs as to Defendant's ClaimSearch Israel product. (*Id.* at ¶ 41). Then, on June 13, 2017, Plaintiffs provided supplemental responses to Defendant's interrogatories, in which they disclosed that the MF13 EULA governs as to ClaimSearch Israel. (D.I. 146 at 15; D.I. 144 at 10). On June 27, 2017, I stayed the case and

---

[2] Plaintiffs attached the same EULA to their original complaint. (D.I. 1, Exh. A).

[3] On June 27, 2017, I dismissed without prejudice Plaintiffs' motion (D.I. 93). (D.I. 136).

2

directed Defendant to file a motion to strike. Defendant now seeks to exclude the G1 and MF13 EULAs from the case. (*See generally* D.I. 144).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." To determine whether a failure to disclose is harmless, courts in the Third Circuit consider the so-called "*Pennypack*" factors, which include: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)).

"[T]he exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Id.* The determination of whether to exclude evidence is within the discretion of the Court. *Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 817 F. Supp. 2d 394, 397 (D. Del. 2011).

## III. DISCUSSION

In its motion, Defendant makes three primary arguments. First, Defendant argues that Plaintiffs' attempt to change the EULA governing the parties' relationship should be treated as a request to amend the complaint. (D.I. 144 at 14). Relatedly, it asserts Plaintiffs' attempt to amend its complaint is improper under Federal Rules of Civil Procedure 15 and 16. (*Id.* at 14,

3

18). Second, Defendant argues the *Pennypack* factors support excluding the G1 and MF13 EULAs from the case. (*Id.* at 26). Third, it argues Plaintiffs have spoliated evidence, which further supports excluding the EULAs. (*Id.* at 30).

## A. Amending the Complaint

As to Defendant's first argument, I do not agree that Plaintiffs must amend their complaint. As an initial matter, Plaintiffs may not raise new legal claims, without amending their complaint, once fact discovery has begun. *See, e.g., Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 336 (4th Cir. 2009). Here, however, I do not think Plaintiffs have raised new claims by introducing new EULAs because there are no substantial differences between the EULAs with respect to Plaintiffs' breach of contract theory. In particular, no material differences exist between the relevant license provisions and the provisions related to "restrictions on use, copying, deployment, and third-party access" in the MF14 and G1 EULAs. (*See* D.I. 146 at 20–21). Thus, Plaintiffs' breach of contract theory as to Defendant's use of Plaintiffs' software in its CEP product has not changed. Similarly, there are no material differences between the MF14 version 1, MF14 version 2, and MF13 EULAs with respect to the provisions relevant to Plaintiffs' breach of contract theory as to Defendant's ClaimSearch Israel product. (*See id.*, Exhs. A, B, C). Thus, I do not think Plaintiffs need to amend their complaint. Accordingly, I need not reach or consider Defendant's arguments that Plaintiffs' attempt to amend their complaint is improper under Rules 15 and 16.[4]

---

[4] At oral argument, Defendant cited three district court cases to support its position that Plaintiffs must amend their complaint. (D.I. 159 at 59:22–60:3; *see also* D.I. 152 at 5). In my opinion, those cases are inapposite. In *Coy v. Country Mutual Insurance Co.*, for example, the court found that a new contract alleged in the amended complaint "present[ed] a novel claim" where entirely different duties arose under the two contracts. 2006 WL 3487653, at *4 (S.D. Ill. Dec. 4, 2006). That is not the case here. The other cases to which Defendant cited—*Central Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings LLC*, 2012 WL 3201139 (Del. Ch. Aug. 7,

4

## B. *Pennypack* Factors

As to Defendant's second argument, I am not persuaded that the G1 and MF13 EULAs should be excluded under the *Pennypack* factors. While I think Plaintiffs were careless and were not diligent in identifying which EULA governs the parties' relationship, any error that resulted from their carelessness and lack of diligence was ultimately not very significant. The new EULAs do not contain the so-called "Global Incorporation Language," upon which Defendant previously relied in developing its defenses.[5] (D.I. 144 at 19). As explained above, however, Plaintiffs' underlying breach of contract theory as to Defendant's CEP and ClaimSearch Israel products has not changed. Thus, I do not think Defendant is particularly prejudiced by the late disclosure of the G1 and MF13 EULAs. To the extent Defendant is prejudiced, I think that prejudice can be cured through discovery. In particular, Defendant can conduct additional discovery to explore whether "the new EULAs" are in fact the contracts that govern the parties' relationship. Plaintiffs will be responsible for all associated expenses, including attorneys' fees. Because of the late disclosure, the trial has been delayed. But there otherwise does not appear to be any potential for disruption of an orderly and efficient trial. Further, while I think Plaintiffs have acted carelessly, I am not convinced they have acted in bad faith. Nor do I think they willfully failed to disclose the new contracts. Thus, I conclude the *Pennypack* factors do not support excluding the G1 and MF13 EULAs from the case.

---

2012) and *Commonwealth Financial Corp. v. USAmeribancs, Inc.*, 1987 WL 19142 (N.D. Ill. Oct. 20, 1987)— are similarly inapposite. Both involved facts significantly different from those presented in this case.

[5] As I understand it, Defendant has all along taken the position that the contractual relationship was not based on any of the contracts that Plaintiffs have asserted at any time. That defense can only have been helped by Plaintiffs' false starts.

5

## C. Spoliation

Finally, I am not persuaded by Defendant's third argument that Plaintiffs have "spoliated evidence by not producing information about and copies of multiple versions of the key" EULAs in this case. (*Id.* at 30). Spoliation generally refers to the destruction or alteration of evidence. *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). Under certain circumstances, it can also refer to the nonproduction of evidence. *Id.* "[A] finding of bad faith is pivotal to a spoliation determination. . . . Withholding requires intent." *Id.* at 79. In my opinion, the facts set forth in Defendant's motion do not support a finding that Plaintiffs have intentionally withheld evidence related to the various EULAs in this case. Thus, I will not exclude the G1 and MF13 EULAs on that basis.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to strike Plaintiffs' Supplemental Response to Interrogatory No. 2 (D.I. 143) is **DENIED**. The parties should meet and confer regarding a discovery plan and submit that plan to the Court before beginning.

It is **SO ORDERED** this ___ day of February 2018.

                                                     Richard G. Andrews
                                                   United States District Judge