IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICRO FOCUS (US) INC., et al., : | |
| Plaintiffs, : | |
| v. : | Civil Action No. 15-252-RGA |
| INSURANCE SERVICES OFFICE, INC., : | |
| Defendant. : | |

**MEMORANDUM ORDER**

Presently before the Court is Defendant's Motion for Certification of Interlocutory Appeal. (D.I. 166). The issue has been fully briefed. (D.I. 167, 172, 173). For the reasons set forth herein, Defendant's motion is **DENIED**.

On February 20, 2018, I denied Defendant's motion to strike a supplemental response to an interrogatory. (D.I. 162). Defendant now moves for certification of interlocutory appeal, specifically "request[ing] that the Court amend its [Order] by certifying it for interlocutory appeal." (D.I. 167, p.1). The "controlling question of law" at issue is "[w]hether a plaintiff alleging breach of contract must move to amend its complaint to allege breach of contract not referenced in or attached to the complaint if there are no substantial differences between the provisions of the two contracts alleged to have been breached." (*Id.*).

"The decision of whether to grant leave to file an interlocutory appeal is 'informed by the criteria set forth in 28 U.S.C. § 1292(b).'" *Chase Bank USA, N.A. v. Hess*, 2011 WL 4459604, at *1 (D. Del. Sept. 26, 2011) (quoting *In re Phila. Newspapers, LLC*, 418

B.R. 548, 556 (E.D. Pa. 2009)). "Leave to file an interlocutory appeal may be granted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *In re SemCrude, L.P.*, 407 B.R. 553, 556–57 (D. Del. 2009) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)); *see also* 28 U.S.C. § 1292(b). "Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *DeLalla v. Hanover Ins.*, 2010 WL 3908597, at *3 (D.N.J. Sept. 30, 2010).

I am doubtful that Defendant raises a question of law. It seems to me the question sought to be answered involves factual questions and is likely a matter for the District Court's discretion. I am also doubtful that there are substantial grounds for a difference of opinion on the question of law (even assuming that there are substantial grounds for a difference of opinion on my application of the law to the facts of this case). Finally, I am doubtful that reversal on appeal "may materially advance the ultimate termination of the litigation." As Defendant concedes, if I have made a reversible error, Plaintiff may still seek to amend its complaint. (D.I. 167, p.7). Defendant says I would deny such a request. I do not think that it is clear that I would.

In any event, I decline to certify my order for appeal.

IT IS SO ORDERED this 22 day of May 2018.

*[signature]*
United States District Judge