## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MICRO FOCUS (US), INC. and MICRO
FOCUS IP DEVELOPMENT LIMITED,

    Plaintiffs,

  v.

INSURANCE SERVICES OFFICE, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 15-252-RGA

**JURY TRIAL DEMANDED**

███████████████

## DEFENDANT'S MOTION TO DISMISS FOR LACK
## OF STANDING AND SUBJECT MATTER JURISDICTION

**OF COUNSEL:**

Scott S. Christie
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel: (973) 848-5388
schristie@mccarter.com

**McCARTER & ENGLISH, LLP**
Brian R. Lemon (DE Bar #4730)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Tel: (302) 984-6374
Fax: (302) 691-2911
blemon@mccarter.com

*Attorneys for Defendant
Insurance Services Office, Inc.*

Dated:  October 29, 2021

Insurance Services Office, Inc. ("ISO") respectfully submits this Motion to Dismiss for Lack of Standing and Subject Matter Jurisdiction (the "Motion"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).  This Motion seeks: (1) the dismissal of Micro Focus IP Development Limited ("MF UK") as a Plaintiff for lack of standing because it is not a party to the contracts at issue in this breach of contract case, and (2) the dismissal of Counts I and II for lack of subject-matter jurisdiction over the purely state law contractual dispute between Micro Focus (US), Inc. ("MF USA") and ISO.   The time of filing rule for determining subject-matter jurisdiction does not apply when there is a change in parties.  Thus, with the dismissal of MF UK, there is a change in parties and the Court lacks subject-matter jurisdiction over the remaining state law claims as of the date of that change.  In support of the Motion, ISO states as follows:

## RELEVANT BACKGROUND

1.      MF USA and MF UK filed the First Amended Complaint (D.I. 24) ("FAC") on October 9, 2015.  The FAC alleged three causes of action: two state law breach of contract claims (Counts I and II) and a single claim for copyright infringement (Count III).  D.I. 24.

2.      In the FAC, MF UK was alleged to be the "successor in interest by way of valid assignments from the author and the original copyright claimant of certain intellectual property rights at issues in this action known as Net Express v3.1" and is the "copyright claimant of other intellectual property rights at issue in this action known as Net Express v3.1 SP1."  FAC ¶ 2.

3.      MF UK was not alleged to hold any rights in or to any End User License Agreement ("EULA") on which Counts I and II are based.  Rather, Rule 30(b)(6) testimony indicated that MF USA is the contracting party with ISO.  Ex. 1 (Jan. 28, 2021 Susan Drennan Dep. Tr.) at 108:8-12 ("Q: Turning back to Exhibit 73 which is the G1 EULA which Micro Focus Entity is the contracting party to the G1 EULA?  A: Well, I don't know if I can answer

1

that myself, but I'm assuming it's Micro Focus (US), Inc."); 120:16-18 ("Q: Which Micro Focus entity is the contracting party with the MF013 EULA[?]   A:  I believe its Micro Focus (US), Inc.").

4.      Five years after filing the FAC, on October 20, 2020, Plaintiffs moved to voluntarily dismiss its copyright infringement claim, Count III.  D.I. 249.  The Court granted the requested dismissal of Count III with prejudice on March 26, 2021.  D.I. 275.

5.      Immediately following the dismissal of Count III with prejudice, counsel for ISO raised with Plaintiffs' counsel the issue of MF UK's lack of standing.  *See* Ex. 2 (e-mail chain among counsel).   Despite repeated requests, Plaintiffs' counsel failed for approximately six months to provide Plaintiffs' position as to whether MF UK had standing to prosecute Counts I and II.  (*See id.*)  Ultimately, Plaintiffs' counsel did not contend that MK UK was a party to any software license agreements with ISO, but rather erroneously asserts that MF UK has standing because MF UK "owns the software" licensed to ISO and has a distribution agreement with MF US.  (*Id.*)

## ARGUMENT

### I.      MF UK SHOULD BE DISMISSED FOR LACK OF STANDING

6.      "Standing to sue is a threshold requirement in every federal case."  *EMC Corp. v. Pure Storage, Inc.*, 165 F. Supp. 3d 170, 173 (D. Del. 2016).  It is "an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  In order to have Article III standing, "a complaining plaintiff must be able to show that he has suffered an 'injury in fact' which is 'concrete and particularized … actual and imminent, [and] not conjectural or hypothetical.'"  *Nationwide Ins. Indep. Contractors Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, 518 Fed. App'x 58, 61 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).  The Third Circuit has further specified that an

injury is "concrete" if it is "distinct and palpable, as opposed to merely abstract." *Nationwide*, 518 Fed. App'x at 61 (citing *N.J. Physicians, Inc. v. President of the United States*, 653 F.3d 234, 238 (3d Cir. 2011)).

7.      "The minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim." *Med-X Global, LLC v. Azimuth Risk Solutions, LLC*, 2018 WL 4089062, at *2 (D.N.J. Aug. 27, 2018).  "As a general matter, only a party to a contract has standing to enforce a contract and sue for breach of that contract." *Rottlund Homes of N.J., Inc. v. Saul, Ewing, Remick & Saul L.L.P.*, 243 F. Supp. 2d 145, 153 (D. Del. 2003); *Ocimum Biosolutions (India) Limited v. LG Corp.*, 2021 WL 931094, at *4 (D. Del. Mar. 11, 2021) (quoting *Rottlund*); *see Takeda Pharms. U.S.A., Inc. v. Spireas*, 400 F. Supp. 3d 185, 205 (E.D. Pa. 2019) ("With respect to breach of contract cases, a party is 'aggrieved' and therefore has standing to bring a breach of contract claim only if they are a party to the contract at issue.").

8.      MF UK lacks standing to prosecute Counts I and II because MF UK is not a party to the relevant EULAs, as suggested by Rule 30(b)(6) testimony and recently confirmed by Plaintiffs' counsel. Exs. 1-2.  Indeed, MF UK has not alleged in the FAC that it holds any rights or interests in the relevant EULAs and, despite nearly six years of litigation, there is no evidence in the record to suggest otherwise. *Cf. Med-X*, 2018 WL 4089062, at *2 (finding plaintiff lacked standing to sue for breach of contract where it had "no rights under the contract at issue" and was not an "original party to the contract"); *Penn. Nat. Mut. Cas. Ins. Co. v. Zonko Builders, Inc., et al.*, 2021 WL 4061564, at *11 (D. Del. Sept. 7, 2021) (finding plaintiff lacked standing to pursue declaratory judgment and breach of contract claims because it did not "plead or show a right to proceed under a contract it did not sign").

9.      ISO understands that it is MF UK's intention to oppose the Motion on grounds that it is untimely.  ISO reserves its rights to respond directly to MF UK's argument in opposition, but notes at the outset that MF UK's argument should fail for at least two reasons.

10.     First, Article III standing cannot be waived.  *Board of Educ. of Appouquinimink Sch. Dist. v. Johnson*, 543 F. Supp. 2d 351, 356 (2008) (D. Del. 2008) (citing *United States v. Hays*, 515 U.S. 737, 742 (1995).  Indeed, "[a] motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  And challenges to the Court's jurisdiction can be raised at any point in time.  *See U.S. Bank Nat. Ass'n v. Gunn*, 2012 WL 6137326, at *1 (D. Del. Dec. 10, 2012).

11.     Second, ISO's challenge is timely.  MF UK's lack of standing only became ripe on March 26, 2021, after Count III was dismissed with prejudice at Plaintiffs' request.  D.I. 275. ISO approached Plaintiffs' counsel immediately thereafter to provide Plaintiff's position as to MF UK's standing in an effort to avoid motion practice on this issue.  *See* Ex. 2.  Plaintiffs failed to provide this position until September 2021, and only after multiple requests.  *Id.*  MF UK's timeliness concerns are meritless.

## II.     COUNTS I AND II MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

12.     Federal question jurisdiction under 28 U.S.C. § 1331 does not exist because the Court dismissed the copyright infringement claim in Count III with prejudice.  And there is not complete diversity between MF USA and ISO because both entities are citizens of Delaware. Thus, there is no diversity jurisdiction under 28 U.S.C. § 1332(a).  Under these circumstances, Counts I and II must be dismissed.

13.   "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute … which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  An "objection that a federal court lacks subject matter jurisdiction … may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (internal citation omitted).  Indeed, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Id.* at 514.

14.   MF USA, the remaining party seeking to invoke the Court's jurisdiction, bears the burden of establishing subject matter jurisdiction.  *Kokkonen*, 511 U.S. at 377.  Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added); *see Arbaugh*, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

A.   *The time of filing rule does not apply because there will be a change in parties*

15.   Ordinarily, "jurisdiction of the court depends upon the state of things at the time of the action brought."  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004).  "But the time-of-filing rule admits exceptions in cases where the parties change, in contrast to cases in which the circumstances attendant to those parties change."  *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009).  Indeed, the change in party exception to the "time-of-filing" rule has been recognized by the United States Supreme Court since 1829 when Chief Justice Marshall stated "'where there is *no* change in party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit.'" *Grupo Dataflux*, 541 U.S. at 574 (quoting *Conolly v. Taylor*, 2 Pet. 556, 565 (1829)).

5

16.    The parties in this Action will change because MF UK must be dismissed for lack

of standing.  *See supra*.  Accordingly, the time-of-filing rule does not apply, and the Court's

subject-matter jurisdiction over Counts I and II must be reassessed as of March 26, 2021.[1]  *See*

*Grupo Dataflux*, 541 U.S. at 574; *Kaufman*, 561 F.3d at 152.

**B.    *There is no federal question jurisdiction without Count III***

17.    It is indisputable that Plaintiffs' voluntary dismissal of the copyright infringement

claim in Count III eliminated the only federal question to be resolved by this case.  *See In re*

*McGraw-Hill Global Educ. Holdings LLC*, 909 F.3d 48, 55 (3d Cir. 2018) ("The District Court

had federal question jurisdiction over both copyright infringement actions pursuant to 28 U.S.C.

§ 1331[.]").  Continued subject matter jurisdiction under 28 U.S.C. § 1331 is unavailable.

**C.    *The parties lack diversity of citizenship***

18.    Counts I and II are state law breach of contract claims, as MF USA conceded in its

summary judgment opposition brief.  *See* D.I. 269.  Thus, the only available basis for original

jurisdiction is diversity of citizenship among the parties under 28 U.S.C. § 1332, which does not

exist.

19.    Under 28 U.S.C. § 1332, federal courts have original jurisdiction over civil actions

"between … citizens of different States" where the amount in controversy exceeds $75,000.  28

U.S.C. § 1332(a)(1).  "It is axiomatic that there must be complete diversity of citizenship

between plaintiffs and all defendants.  Thus, if any one defendant is a citizen of the same state as

any one plaintiff, diversity of citizenship is destroyed and § 1332 provides no basis for federal

court jurisdiction."  *Transamerica Corp. v. Reliance Ins. Co of Illinois*, 884 F. Supp. 133, 137 (D.

---

[1] MF UK lacked standing as of March 26, 2021 due to the dismissal with prejudice of Count III. However, the analysis of this issue is the same even if the Court uses the date on which it dismisses MF UK.

Del. 1995) (internal citation omitted).  "When a case involves only one plaintiff and one defendant, 'complete diversity' exists if the two parties are not citizens of the same state." *Wilmington Sav. Fund Soc'y, FSB v. Harvin*, 680 Fed. App'x 144, 145 (3d Cir. 2017).  "The key inquiry in establishing diversity is thus the 'citizenship' of each party to the action."  *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

20.    MF USA conceded in the FAC (¶ 1) that it is a citizen of Delaware and Maryland by virtue of its state of incorporation and location of its principal place of business, respectively. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of this section … a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business[.]"); *see also Zambelli*, 592 F.3d at 419 ("Most rules of citizenship are well established. … A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.") (ellipses added).  ISO also is incorporated in Delaware and has its principal place of business in New Jersey, as admitted in its Answer to the FAC.  *See* D.I. 25 ¶ 3.  These party admissions confirm records of the Delaware Secretary of State demonstrating that both MF USA and ISO are incorporated in Delaware.  *See* Exs. 3 and 4 (Delaware Secretary of State Statements of Good Standing for MF USA and ISO, respectively).[2]

21.    Because MF USA and ISO are both citizens of Delaware for purposes of 28 U.S.C. § 1332, there is not complete diversity between MF USA and ISO and the Court does not have subject-matter jurisdiction.  *See Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*,

---

[2] *See In re Delmarva Securities Litig.*, 794 F. Supp. 1293, 1299 (D. Del. 1992) ("This Court is free to take judicial notice of certain facts that are of public record if they are provided to the Court by the party seeking to have them considered."); *see also Wallace v. Media News Group, Inc.*, 568 Fed. App'x 121, 123 n.2 (3d Cir. 2014) (taking judicial notice that party was incorporated in Delaware).

769 F. Supp. 599, 606 (D. Del. 1991) (finding complete diversity where defendant corporation was incorporated in Delaware and had its principal place of business in Georgia and each plaintiff was "incorporated in and has its principal place of business in a state other than Delaware or Georgia"), *rev'd, in part, on other grounds*, 988 F.2d 386 (3d Cir. 1993); *see also Sty-Lite Co. v. Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000) (explaining that 28 U.S.C. § 1332(c) "establishes a theory of dual citizenship for corporations and if either the corporation's place of incorporation or principal place of business destroys diversity, then the courts will not have diversity jurisdiction").

22.    Without subject matter jurisdiction predicated either on a federal question or diversity of citizenship, this case "must" be dismissed pursuant to Rule 12(h)(3).

### III.    THE COURT SHOULD RETAIN JURISDICTION TO HEAR ISO'S MOTION FOR ATTORNEYS' FEES

23.    Notwithstanding the lack of subject matter jurisdiction that compels dismissal of Counts I and II, the Court should retain jurisdiction over this case for the limited purpose of deciding a motion for attorneys' fees by ISO.  ISO has expended significant time and resources over the last six years defending against MF USA's meritless breach of contract claims where MF USA has been unable to correctly identify the governing contracts.  Moreover, the current procedural circumstance that ISO finds itself in is solely the result of Plaintiffs' actions.  MF UK's dismissal as a plaintiff for lack of standing was a direct and foreseeable consequence of Plaintiffs' decision to voluntarily dismiss the copyright infringement claim in Count III with prejudice, which, in turn, created the change in party that mandates dismissal of Counts I and II for lack of subject matter jurisdiction due to lack of complete diversity.

24.    The Court's power to dispense with a case "necessarily includes the power to resolve disputes with respect to the payment of attorneys' fees and expenses.  *Novinger v. E.I.*

*DuPont de Nemours & Co., Inc.*, 809 F.2d 212, 217 (3d Cir.), *cert denied*, 481 U.S. 1069 (1987). Indeed, the United States Supreme Court authorizes "ancillary jurisdiction" for the purpose of "enabl[ing] a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effect its decrees."  *See Kokkonen*, 511 U.S. at 379-80.  Moreover, the dismissal of Counts I and II does not preclude the Court from determining ISO's ancillary request for attorneys' fees and expenses.  *See* 28 U.S.C. § 1919 ("Whenever any action or suit is dismissed in any district court … such court may order the payment of just costs."); *Matsushita Battery Indus. Co., Ltd. v. Energy Conversion Devices, Inc.*, 1997 WL 811563, at *7 (D. Del. Dec. 23, 1997) (stating that the dismissal of the plaintiff's claim and defendant's counterclaim "does not eliminate the court's jurisdiction to preside over a motion for attorneys' fees and costs" and referring to the Court's equitable jurisdiction to determine an ancillary application for attorneys' fees); *see also Williams v. Alioto*, 625 F.2d 845, 848 (9th Cir. 1980) ("Claims for attorneys' fees ancillary to the case survive independently under the court's equitable jurisdiction, and may be heard even though the underlying case has become moot."), *cert. denied*, 450 U.S. 1012 (1981).

## CONCLUSION

25.    For the reasons stated above, ISO respectfully requests that the Court grant its form of Proposed Order that dismisses MF UK as a party to this action for lack of standing, dismisses Counts I and II of the FAC for lack of subject matter jurisdiction, and retains jurisdiction for the Court to hear and decide ISO's forthcoming motion for attorney's fees and expenses.

26.    Pursuant to Local Rule 7.1.1, undersigned counsel made reasonable efforts to reach agreement with Plaintiffs' counsel on whether MF UK has standing following the dismissal of Count III, including multiple e-mails and a teleconference involving Delaware counsel for both parties.

ME1 37997229v.2

Dated:  October 29, 2021

**McCARTER & ENGLISH, LLP**

*/s/ Brian R. Lemon*
Brian R. Lemon (DE Bar #4730)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Tel: (302) 984-6374
Fax: (302) 691-2911
blemon@mccarter.com

**OF COUNSEL:**

Scott S. Christie
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel: (973) 848-5388
schristie@mccarter.com

*Attorneys for Defendant*
*Insurance Services Office, Inc.*

ME1 37997229v.2

# EXHIBIT 1

# THIS DOCUMENT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# THIS DOCUMENT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 3



# Delaware

## The First State

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY "MICRO FOCUS (US), INC." IS DULY
INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD
STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS
OF THIS OFFICE SHOW, AS OF THE TWENTY-EIGHTH DAY OF OCTOBER, A.D.
2021.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE
BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "MICRO FOCUS
(US), INC." WAS INCORPORATED ON THE TWENTY-NINTH DAY OF JUNE, A.D.
2001.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE
BEEN PAID TO DATE.

Jeffrey W. Bullock, Secretary of State

3409950  8300

SR# 20213640767

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 204536631

Date: 10-28-21

# EXHIBIT 4



# Delaware

### The First State

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY "INSURANCE SERVICES OFFICE, INC." IS
DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN
GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE
RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-EIGHTH DAY OF
OCTOBER, A.D. 2021.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE
BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "INSURANCE
SERVICES OFFICE, INC." WAS INCORPORATED ON THE THIRTIETH DAY OF
JUNE, A.D. 1982.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE
BEEN PAID TO DATE.

Jeffrey W. Bullock, Secretary of State

940339  8300

SR# 20213640819

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 204536648

Date: 10-28-21

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| MICRO FOCUS (US), INC. and MICRO FOCUS IP DEVELOPMENT LIMITED, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 15-252-RGA ) |
| INSURANCE SERVICES OFFICE, INC., | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

**PROPOSED ORDER**

This matter comes before the Court on the Motion to Dismiss for Lack of Standing and Subject Matter Jurisdiction (the "Motion") filed by Defendant Insurance Services Office, Inc. ("ISO") and, upon consideration of the entire record, and for good cause shown,

IT IS ORDERED that Micro Focus IP Development Limited is hereby dismissed as a Plaintiff in this action for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).

IT IS FURTHER ORDERED that Counts I and II of the First Amended Complaint are hereby dismissed for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and (h)(3). The dismissal shall be effective as of the date of this Order.

IT IS FURTHER ORDERED that, notwithstanding the dismissal of Counts I and II, the Court shall retain jurisdiction over the above-captioned action to hear and decide any motion for an award of attorneys' fees and expenses. For the avoidance of doubt, ISO is hereby authorized to file a motion seeking an award of its attorneys' fees and expenses incurred in connection with defending against this action.

1

So Ordered, this the _____ day of _____ 2021.

 

_____

United States District Court Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that true and correct copies of the foregoing document

was caused to be served on October  29, 2021 on the following counsel in the manner indicated:

### <u>VIA E-MAIL</u>:

J. Clayton Athey
PRICKETT, JONES & ELLIOTT, P.A.
1310 N. King Street
Wilmington, DE  19801
(302) 888-6500
*jcathey@prickett.com*

Hugh J. Marbury
Ryan P. Bottegal
COZEN O'CONNOR
1200 19th Street, N.W., 3rd Floor
Washington, D.C.  20036
(202) 747-0781
*hmarbury@cozen.com*
*rbottegal@cozen.com*

Stuart M.G. Seraina
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, MD  21202
(410) 752-6030
*sseraina@kg-law.com*

*Attorneys for Plaintiffs*

*/s/ Brian R. Lemon*
Brian R. Lemon (DE Bar #4730)