**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| MICRO FOCUS (US), INC. and MICRO FOCUS IP DEVELOPMENT LIMITED, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| INSURANCE SERVICES OFFICE, INC., | ) ) |
| Defendant. | ) ) |

Civil Action No. 15-252-RGA

**JURY TRIAL DEMANDED**

████████████████████

PUBLIC VERSION FILED: November 24, 2021

## DEFENDANT'S REPLY MOTION TO DISMISS FOR LACK OF STANDING AND SUBJECT MATTER JURISDICTION

**OF COUNSEL:**

Scott S. Christie
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel: (973) 848-5388
schristie@mccarter.com

**McCARTER & ENGLISH, LLP**
Brian R. Lemon (DE Bar #4730)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Tel: (302) 984-6374
Fax: (302) 691-2911
blemon@mccarter.com

*Attorneys for Defendant*
*Insurance Services Office, Inc.*

Dated:  November 19, 2021

Micro Focus's current situation is of its own making. A re-evaluation of the Court's subject matter jurisdiction is necessary because MF UK voluntarily dismissed its meritless copyright infringement claim with prejudice after years of litigation to avoid having to pay ISO's attorneys' fees as a prevailing party. Thus, MF UK has no standing to prosecute the remaining breach of contract claims because it is undisputed that MF UK is not a party to the relevant EULAs. Instead, for the first time in almost seven years, MF UK asserts that it is an intended third party beneficiary, even though MF UK did not exist when the parties entered into the relevant EULAs. But on a more fundamental level, Micro Focus does not cite to any evidence whatsoever to support that MF UK has standing as a third party beneficiary.

Micro Focus also does not dispute that, as of today, the Court does not have original jurisdiction. Rather, Micro Focus argues that the time of filing rule, and the change of party exception to that rule, do not apply in cases predicated upon federal question jurisdiction. However, Micro Focus overlooks that the Supreme Court has not limited its pronouncement of the time of filing rule, and the change of party exception, to situations where jurisdiction was based only on diversity of citizenship, and that the Third Circuit has recognized that the time of filing rule applies in cases involving federal question. Thus, Counts I and II must be dismissed.

Alternatively, even if Micro Focus is correct, and the time of filing rule does not apply in cases predicated upon federal question, dismissal still is warranted. The Court does not "have original jurisdiction" over any claim in this case and, pursuant to 28 U.S.C. § 1367, it is therefore unable to exercise supplemental jurisdiction over Counts I and II.

## I. MF UK SHOULD BE DISMISSED FOR LACK OF STANDING

1. Micro Focus agrees that MF UK is not a party to the relevant EULAs and that, generally, only parties to contracts have standing to enforce and sue for breach of contract. *See* Mot. ¶ 7 (citing cases). Micro Focus nevertheless asserts, for the first time in this case, that MF

UK is an intended third party beneficiary to the relevant EULAS, and thus has Article III standing to pursue Counts I and II against ISO. Micro Focus is legally and factually wrong.

2. As an initial matter, MF UK is not alleged in the FAC to be a third party beneficiary (Mot. ¶ 3), yet, at bare minimum, it was incumbent upon MF UK to do so. *Cf. Greater N.Y. Mut. Ins. Co. v. Travelers Ins. Co.*, 2011 WL 4501207, at *3 (D. Del. Sept. 28, 2011) ("A plaintiff attempting to establish third party beneficiary status should either plead that it is named or otherwise identified in the contract or plead facts which could reasonable lead to the inference that it was an intended beneficiary.") (internal quotations omitted). This alone is dispositive.

3. Pleading deficiencies notwithstanding, Micro Focus has not met its burden to prove that MF UK is an intended third party beneficiary of the G1 or MF13 EULA. Indeed, the legal standard for third party beneficiary status is conspicuously absent from the Opposition. To qualify as a third party beneficiary of a contract, Delaware law requires that:

> (i) the contracting parties must have intended that the third party beneficiary benefit from the contract, (ii) the benefit must have been intended as a gift or in satisfaction of a pre-existing obligation to that person, and (iii) the intent to benefit the third party must be a material part of the parties' purpose in entering into the contract.

*CHS/Community Health Systems, Inc. v. Steward Health Care Sys. LLC*, 2020 WL 4917597, at *3 (Del. Ch. Aug. 21, 2020).[1] Conversely, where "parties do not intend to benefit the third person, the third person has no rights under the contract even though he might otherwise be an incidental beneficiary of the contract." *Greater N.Y.*, 2011 WL 4501207, at *3 (quotations and citations omitted).

---

[1] Maryland law analyzes third party beneficiary status in a manner similar to Delaware law. *See, e.g., Gray Constr., Inc. v. Medline Indus., Inc.*, 2020 WL 5816502, at *12-13 (D. Md. Sept. 30, 2020) (quotation omitted). Accordingly, ISO analyzes Micro Focus's third party beneficiary assertion under Delaware law.

4.    As to the first and third elements, there is no evidence establishing that ISO and MF US intended MF UK to benefit from the relevant EULAs, or that such intent, to the extent it even exists, was a "material part of the parties' purpose in entering into" the relevant EULAs.  *CHS*, 2020 WL 4917597, at *3.  Micro Focus concedes that MF UK is not specifically identified in either EULA by name (*see* Opp. ¶ 18).  Indeed, there is no provision or term in the G1 or MF13 EULA that suggests the existence of MF UK, much less that MF UK is an intended third party beneficiary.  *See Am. Fin. Corp. v. Comp. Sci. Corp.*, 558 F. Supp. 1182, 1186 (D. Del. 1983) (explaining that "a Delaware court would look to extrinsic evidence to determine third-party beneficiary status, but only if the contract indicates that the parties contemplated the existence of the third party."); *Greater N.Y.*, 2011 WL 4501207, at *3 ("Whether parties intended to create third party beneficiary rights turns on interpretation of the contract language.").

5.    According to Micro Focus, MF UK's status as an intended beneficiary is contemplated only through the connection between MF USA as the "legal entity authorized to license" Net Express and MF UK as the owner of the Net Express software and party to a distributor agreement with MF USA.  *See* Opp. ¶¶ 19-20.  Micro Focus' *ipse dixit* argument fails.

6.    First, MF UK was not incorporated until April 23, 2010 (*see* Exs. A (Articles of Incorporation) and B (Name change to MF UK))—more than 2 years after ISO is alleged to have entered into the MF13 EULA and more than 8 years after ISO is alleged to have entered into the G1 EULA.  *See* D.I. 269 (Micro Focus Summary Judgment Response) at 6-8.  Thus, it is impossible for either ISO or MF USA to have intended for MF UK to be a beneficiary at the time of purported contractual acceptance.  Second, Micro Focus presents no evidence to support any details of MF UK's supposed ownership and distribution of Net Express software to MF USA, or that ISO knew of this relationship.  Indeed, Micro Focus did not cite to any documents or present

any affidavits in support of the Opposition, instead relying solely on attorney argument, which is not evidence. Third, even if MF USA did intend for MF UK to benefit from the relevant EULAs, Micro Focus offers only conjecture (Opp. ¶ 21), and no evidence, as to ISO's corresponding intent. *Cf. Comrie v. Enterasys Networks, Inc.*, 2004 WL 293337, at *3 n.23 (Del. Ch. Feb. 17, 2004) (stating that "under Delaware law both parties must in some manner express an intent to benefit the third-party before third-party beneficiary status is found.") (quoting *Am. Fin. Corp.*, 558 F. Supp. at 1185). Finally, Micro Focus's bald assertion that the "primary purpose" of its EULAs "is to protect the owner of the software" (*i.e.*, MF UK) (Opp. ¶ 21) is devoid of evidentiary support. It also strains credulity insofar as the "primary purpose" of the EULAs obviously was to effectuate a license of Net Express software by MF USA to ISO.

7.     As to the second element, there is no evidence establishing that the EULAs were entered into by ISO as a gift to MF UK or in satisfaction of a pre-existing obligation to MF UK. *See CHS*, 2020 WL 4917597, at *3. Indeed, Micro Focus completely ignores this element in the Opposition. Accordingly, MF UK has no contractual or third party beneficiary status in connection with the relevant EULAs, and must be dismissed for lack of standing.

## II.     COUNTS I AND II MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

8.     Micro Focus concedes that diversity jurisdiction does not exist and that subject matter jurisdiction was premised only on the copyright infringement claim, which Micro Focus dismissed with prejudice. Opp. ¶ 7, 13. Nor is there any dispute that the Court currently *does not* have original jurisdiction over the state law breach of contract claims remaining in this case.

9.     Micro Focus instead argues that the time of filling rule, and the change of party exception to that rule, only apply where original jurisdiction is predicated on diversity. *Id.* ¶¶ 14-15. This misapprehends applicable and controlling authority.

4

10.    Micro Focus is correct that *Grupo Dataflux v. Atlas Global Group*, L.P., 541 U.S. 567 (2004) and *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144 (3d Cir. 2009) are cases where jurisdiction was originally based on diversity and much of their discussion is specifically limited to diversity-based jurisdiction. When discussing the change of party exception, however, the Supreme Court in *Grupo* did not limit its discussion to cases involving diversity jurisdiction, but rather addressed subject-matter jurisdiction broadly.

> To our knowledge, the [Supreme] Court has never approved a deviation from the rule articulated by Chief Justice Marshall in 1829 that "[w]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." Unless the [Supreme] Court is to manufacture a brand-new exception to the time-of-filing rule, dismissal for lack of subject-matter jurisdiction is the only option available in this case. The purported cure arose not from a change in the parties to the action, but from a change in the citizenship of a continuing party.

*Grupo*, 541 U.S. 567 at 574-575 (internal citations omitted).

11.    This is in accord with the Supreme Court's ruling in 1824, cited by Micro Focus (Opp. ¶ 13), that "jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events." *Mollan v. Torrance*, 22 U.S. 537, 539 (1824). The Supreme Court in *Mollan* stated broadly that "jurisdiction" – and not merely "diversity jurisdiction" – depends upon factual circumstances at the time of filing. *Id.* And the Supreme Court in *Grupo* articulated an exception to this rule when there is a change in parties. *See* 541 U.S. at 574-75. The Supreme Court has not limited its discussion of the change in party exception to circumstances where original jurisdiction was predicated upon diversity of citizenship.

12.    Micro Focus's contention that the time of filing rule only applies to diversity cases is not supported by the law. The Third Circuit, recognizing error in *New Rock Asset Partners,*

*L.P. v. Preferred Entity Advancement, Inc.*, 101 F.3d 1492 (3d Cir. 1996), has specifically found

that the broad language of *Grupo* applies to federal question cases. *See Nuveen Mun. Trust ex*

*rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir.

2012) (emphasis added). Indeed, the Third Circuit in *Nuveen* explained that:

> [a]lthough we once declined to apply the time of filing rule in a
> federal question case, *New Rock Asset Partners, L.P. v. Preferred*
> *Entity Advancement, Inc.*, 101 F.3d 1492 (3d Cir. 1996),
> subsequent Supreme Court decisions demonstrate the continuing
> vitality of the rule. *See Grupo Dataflux,* 541 US at 582, 124 S.Ct.
> 1920 ("We decline to endorse a new exception to the time-of-filing
> rule that has a pedigree of almost two centuries. Uncertainty
> regarding the question of jurisdiction is particularly undesirable,
> and collateral litigation on the point particularly wasteful.); *Dole*
> *Food Co. v. Patrickson*, 538 U.S. 468, 478 […] (2003)
> ("[J]urisdiction of the Court depends upon the state of things at the
> time of the action brought." (quoting *Keen Corp v. United States*,
> 508 U.S. 200, 207 […] (1993))).

*Id.* at 294 (underlining added). Micro Focus does not address *Nuveen* in its Opposition. Nor

does Micro Focus mention that *New Rock* admits the Third Circuit has applied the time of filing

rule in the federal question context. *See New Rock,* 101 F.3d at 1503 (citing *Rosa v. Resol. Tr.*

*Corp.*, 938 F.2d 383, 392 (3d Cir. 1991)).

13. In addition, the Eleventh Circuit also has noted that *New Rock* is at odds with

Supreme Court precedent, including *Grupo. See Lindley v. F.D.I.C.*, 733 F.3d 1043, 1058 (11th

Cir. 2013) (emphasis added). In *Lindley,* the Eleventh Circuit held that:

> [w]e are not persuaded by the Third Circuit's holding in *New Rock*
> *Asset Partners* for two reasons. First, the Court was interpreting 12
> U.S.C. § 1441a(l)(1), the section of FIRREA that created federal
> jurisdiction over claims involving the Resolution Trust
> Corporation. … More significantly, however, *New Rock Asset*
> *Partners* relied heavily on an interpretation of the time-of-filing
> rule that has since been called into question by that Court [*Nuveen*],
> and is at odds with recent Supreme Court authority [*Grupo*].

*Id.* at 1058 n.11 (underlining added). Micro Focus does not address *Lindley* in its Opposition.

14.     Micro Focus agrees that "jurisdiction should continue to be as it was at the time of filing" (Opp. ¶ 13), yet unpersuasively argues that "no analysis needs to be done on the 'time of filing rule,' including whether any exceptions apply." *Id.* Micro Focus cannot have it both ways. Either the Court looks to the time of filing to determine jurisdiction, and must apply the exceptions to that rule, or the Court must determine jurisdiction as it currently stands. In either circumstance, Counts I and II must be dismissed for lack of subject matter jurisdiction.

15.     Further, the policy concerns that Micro Focus asserts gave rise to the change of party exception exist in this case. This case is in federal court only because MF UK joined as a party and asserted a meritless claim for copyright infringement. MF UK, along with its dubious copyright claim, gave the Court original jurisdiction, but the claim (and the party) subsequently were dismissed. Now, MF USA wants to stay in federal court without MF UK, a venue in which it could not have litigated absent the addition of MF UK and the copyright claim at the inception of the case. The policy concerns that gave rise to the change of party exception exist whether original jurisdiction was predicated on diversity or on federal question.

## III.    IF THE TIME OF FILING RULE DOES NOT APPLY IN FEDERAL QUESTION CASES, THEN THE COURT LACKS SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367

16.     If the Court finds that the time of filing rule does not apply in federal question cases, dismissal is still warranted because the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367. In relevant part, 28 U.S.C. § 1367(a) states:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under ... the Constitution. [(emphasis added).]

7

17.     Section 1367 thus provides for supplemental jurisdiction only in cases where courts have original jurisdiction.   A court cannot exercise supplemental jurisdiction if it does not currently have original jurisdiction over at least one other claim.   Micro Focus's argument that the court can exercise supplemental jurisdiction under Section 1367 because this Court "had original jurisdiction" at the time of filing (Opp. ¶ 23) runs contrary to the statute's plain language. While the Court "had original jurisdiction" at the time of filing and only until MF UK voluntarily dismissed its copyright infringement claim, it does not "have original jurisdiction" now.   If the time of filing rule and its exceptions do not apply to cases predicated upon federal question, then the court does not "have original jurisdiction" and therefore cannot exercise supplemental jurisdiction.   *See New Rock*, 101 F.3d at 1511-1514 (McKee, T., dissenting).

18.     Supplemental jurisdiction under Section 1367, which applies to both federal question and diversity of citizenship, only makes sense if the time of filing rule is applied as ISO contends.   The correct question is did the Court "have original jurisdiction" at the time of filing, and if it does, then it exercises supplemental jurisdiction over related claims.   This is the only way to reconcile Section 1367(a) with Section 1367(c)(3), which states that the Court may decline to exercise supplemental jurisdiction if it dismisses all claims over which it "has original jurisdiction."   Section 1367(c)(3) allows the court to retain supplemental jurisdiction only because courts have original jurisdiction at the time of filing.

19.     The parties in this case will change because MF UK must be dismissed for lack of standing.   *See supra* § I.  If the time of filing rule does apply, then so does the change of party exception, and the case must be dismissed.   If the time of filing rule does not apply, the Court lacks supplemental jurisdiction regardless of whether MF UK stays in the case and the case also

must be dismissed.  Either way, Micro Focus's strategic decision to drop its copyright claim in an attempt to avoid paying ISO's attorneys' fees results in dismissal of Counts I and II.

## IV.  MICRO FOCUS'S TIMELINESS ARGUMENT FAILS AS A MATTER OF LAW AND FACT

20.  Micro Focus's assertion that ISO's Motion is "improper and untimely, and should be dismissed …" (Opp. ¶ 12) is unsupported by the law and the facts.

21.  On the law, Micro Focus does not dispute that Article III standing cannot be waived and that challenges to the Court's jurisdiction can be raised at any time.  Rather than address the well-known law on these issues, Micro Focus cites to the irrelevant *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 2014 WL 202377, at *4 (D. Del. Jan. 16, 2014) decision.  *See* Opp. ¶ 12.  In *Inventio*, the Court addressed summary judgment of non-infringement and not a challenge to Article III standing or subject matter jurisdiction.  *See* 2014 WL 202377, at *1-4.  Moreover, Micro Focus's parenthetical refers to a "motion" to amend which is inapposite here.  *Id.* at n.6 ("Even if the Court were to find that the Plaintiffs Interrogatory Reponses on March 15, 2013 could act as a Motion to Amend the Complaint, which it does not, such a motion would not only be untimely, but would prejudice the Defendants, who have relied on the fact that the Plaintiff had not alleged indirect infringement for over four years.").  *Inventio* supports the unremarkable proposition that a party cannot delay to amend a complaint, and has no bearing on this case.

22.  As to the facts, Micro Focus's statement that "there was no communication between the parties on this topic [(standing)] for six months" is a poor attempt at misdirection.  ISO first raised the issue with Micro Focus's counsel on April 5, 2021, ten days after the Court granted the dismissal of Count III.  Mot., Ex. 2 at 5.  Counsel for Micro Focus did not provide its position.  ISO then raised this issue again on April 8, August 18, and August 31.  *Id.* at 3-4.  It was not

until mid-September that counsel for Micro Focus finally provided its position. *Id.* at 2-3 After investigating the ramifications of this position, ISO filed the Motion the following month.

23. Micro Focus cannot use its refusal to engage in the meet and confer process as a basis for denying ISO's motion. Regardless, issues of standing and jurisdiction can be raised at any time, as Micro Focus concedes.

## IV. THE COURT SHOULD RETAIN JURISDICTION TO HEAR ISO'S MOTION FOR ATTORNEYS' FEES

24. Micro Focus fails to provide any legitimate reason why the Court should not retain ancillary jurisdiction for the limited purpose of deciding ISO's motion for attorneys' fees. Rather than address that specific procedural point, Micro Focus attempts to substantively argue that ISO is not entitled to its attorneys' fees in this case. Opp. ¶ 29. That argument is premature. ISO will fully lay out its case for attorneys' fees, to which Micro Focus can respond, at the appropriate time. In any event, to be clear, the Court did not decide that ISO is not entitled to its attorneys' fees related to the copyright infringement claim, but rather deferred that ruling to a later date. D.I. 275 ("I thus decline to award any attorney's fees as a condition of the dismissal. I say this without prejudice to consideration of any motion for an award of attorney's fees on any other basis after the resolution of the remaining claim in the case.").

**CONCLUSION**

25. For the reasons stated above and in the Motion, ISO respectfully requests that the Court grant its form of Proposed Order that dismisses MF UK as a party to this action for lack of standing, dismisses Counts I and II of the FAC for lack of subject matter jurisdiction, and retains jurisdiction to hear and decide ISO's forthcoming motion for attorney's fees and expenses.

ME1 38147567v.3

Dated: November 19, 2021

**McCARTER & ENGLISH, LLP**

*/s/ Brian R. Lemon*
Brian R. Lemon (DE Bar #4730)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Tel: (302) 984-6374
Fax: (302) 691-2911
blemon@mccarter.com

**OF COUNSEL:**

Scott S. Christie
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel: (973) 848-5388
schristie@mccarter.com

*Attorneys for Defendant*
*Insurance Services Office, Inc*

.

ME1 38147567v.3

# EXHIBIT A



**FILE COPY**

# CERTIFICATE OF INCORPORATION
## OF A
## PRIVATE LIMITED COMPANY

Company No. 7233975

The Registrar of Companies for England and Wales, hereby certifies that

## MICRO FOCUS (IP2) LIMITED

is this day incorporated under the Companies Act 2006 as a private company, that the company is limited by shares, and the situation of its registered office is in England/Wales

Given at Companies House on **23rd April 2010**



*N07233975N*





THE OFFICIAL SEAL OF THE REGISTRAR OF COMPANIES

In accordance with
Section 9 of the
Companies Act 2006

# IN01
## Application to register a company



**A fee is payable with this form**
Please see 'How to pay' on the last page

| ✓ What this form is for | ✗ What this form is NOT for |
|---|---|
| You may use this form to register a private or public company | You cannot use this form to register a limited liability partnership To do this, please use form LL IN01 |

FRIDAY

*LQJT5JEP*
LD1   23/04/2010   41
COMPANIES HOUSE

~ APR 2010
00285

# Part 1    Company details

→ **Filling in this form**
Please complete in typescript or in bold black capitals

All fields are mandatory unless specified or indicated by *

---

## A1    Company details

Please show the proposed company name below

Proposed company name in full ❶

MICRO FOCUS (IP2) LIMITED

For official use    7 2 3 3 9 7 5

❶ **Duplicate names**
Duplicate names are not permitted A list of registered names can be found on our website. There are various rules that may affect your choice of name More information is available at www companieshouse gov uk

---

## A2    Company name restrictions ❷

Please tick the box only if the proposed company name contains sensitive or restricted words or expressions that require you to seek comments of a government department or other specified body

☐ I confirm that the proposed company name contains sensitive or restricted words or expressions and that approval, where appropriate, has been sought of a government department or other specified body and I attach a copy of their response

❷ **Company name restrictions**
A list of sensitive or restricted words or expressions that require consent can be found in guidance available on our website www companieshouse gov uk

---

## A3    Exemption from name ending with 'Limited' or 'Cyfyngedig' ❸

Please tick the box if you wish to apply for exemption from the requirement to have the name ending with 'Limited', Cyfyngedig' or permitted alternative

☐ I confirm that the above proposed company meets the conditions for exemption from the requirement to have a name ending with 'Limited', 'Cyfyngedig' or permitted alternative

❸ **Name ending exemption**
Only private companies that are limited by guarantee and meet other specific requirements are eligible to apply for this
For more details, please go to our website www companieshouse gov uk

---

## A4    Company type❹

Please tick the box that describes the proposed company type and members' liability (only one box must be ticked)

☑ Public limited by shares
☐ Private limited by shares
☐ Private limited by guarantee
☐ Private unlimited with share capital
☐ Private unlimited without share capital

❹ **Company type**
If you are unsure of your company's type, please go to our website www companieshouse gov uk

---

BIS | Department for Business Innovation & Skills

CHFP000
02/10 Version 2 1

# IN01

Application to register a company

---

**A5** | **Situation of registered office** ❶

| | |
|---|---|
| Please tick the appropriate box below that describes the situation of the proposed registered office (only one box must be ticked)<br><br>☑ England and Wales<br>☐ Wales<br>☐ Scotland<br>☐ Northern Ireland | ❶ **Registered office**<br>Every company must have a registered office and this is the address to which the Registrar will send correspondence<br><br>For England and Wales companies, the address must be in England or Wales<br><br>For Welsh, Scottish or Northern Ireland companies, the address must be in Wales, Scotland or Northern Ireland respectively |

---

**A6** | **Registered office address** ❷

| | | |
|---|---|---|
| | Please give the registered office address of your company | ❷ **Registered office address**<br>You must ensure that the address shown in this section is consistent with the situation indicated in section A5<br><br>You must provide an address in England or Wales for companies to be registered in England and Wales<br><br>You must provide an address in Wales, Scotland or Northern Ireland for companies to be registered in Wales, Scotland or Northern Ireland respectively |
| Building name/number | 2ND FLOOR | |
| Street | 50 GRESHAM STREET | |
| Post town | LONDON | |
| County/Region | | |
| Postcode | E C 2 V 7 A Y | |

---

**A7** | **Articles of association** ❸

| | | |
|---|---|---|
| | Please choose one option only and tick one box only | ❸ For details of which company type can adopt which model articles please go to our website www companieshouse gov uk |
| Option 1 | I wish to adopt one of the following model articles in its entirety  Please tick only **one** box<br><br>☑ Private limited by shares<br>☐ Private limited by guarantee<br>☐ Public company | |
| Option 2 | I wish to adopt the following model articles with additional and/or amended provisions  I attach a copy of the additional and/or amended provision(s)  Please tick only **one** box<br><br>☐ Private limited by shares<br>☐ Private limited by guarantee<br>☐ Public company | |
| Option 3 | ☐  I wish to adopt entirely bespoke articles  I attach a copy of the bespoke articles to this application | |

---

**A8** | **Restricted company articles** ❹

| | |
|---|---|
| Please tick the box below if the company's articles are restricted<br><br>☐ | ❹ **Restricted company articles**<br>Restricted company articles are those containing provision for entrenchment  For more details, please go to our website www companieshouse gov uk |

# IN01

Application to register a company

---

## Part 2 | Proposed officers

For private companies the appointment of a secretary is optional, however, if you do decide to appoint a company secretary you must provide the relevant details. Public companies are required to appoint at least one secretary

Private companies must appoint at least one director who is an individual. Public companies must appoint at least two directors, one of which must be an individual

**For a secretary who is an individual, go to Section B1, For a corporate secretary, go to Section C1, For a director who is an individual, go to Section D1, For a corporate director, go to Section E1**

### Secretary

### B1 | Secretary appointments ❶

Please use this section to list all the secretary appointments taken on formation
**For a corporate secretary, complete Sections C1-C5**

| | |
|---|---|
| Title* | |
| Full forename(s) | |
| Surname | |
| Former name(s) ❷ | |

**❶ Corporate appointments**
For corporate secretary appointments, please complete section C1 C5 instead of section B

**Additional appointments**
If you wish to appoint more than one secretary, please use the 'Secretary appointments' continuation page

**❷ Former name(s)**
Please provide any previous names which have been used for business purposes in the last 20 years Married women do not need to give former names unless previously used for business purposes

### B2 | Secretary's service address ❸

| | |
|---|---|
| Building name/number | |
| Street | |
| Post town | |
| County/Region | |
| Postcode | |
| Country | |

**❸ Service address**
This is the address that will appear on the public record This does not have to be your usual residential address

Please state 'The Company's Registered Office' if your service address will be recorded in the proposed company's register of secretaries as the company's registered office

If you provide your residential address here it will appear on the public record

### B3 | Signature ❹

I consent to act as secretary of the proposed company named in **Section A1**

| | |
|---|---|
| Signature | Signature<br>**X** |

**X**

**❹ Signature**
The person named above consents to act as secretary of the proposed company

## IN01
Application to register a company

## Corporate secretary

**C1**    **Corporate secretary appointments** ❶

Please use this section to list all the corporate secretary appointments taken on formation

| | |
|---|---|
| Name of corporate body/firm | |
| Building name/number | |
| Street | |
| Post town | |
| County/Region | |
| Postcode | |
| Country | |

❶ **Additional appointments**
If you wish to appoint more than one corporate secretary, please use the 'Corporate secretary appointments' continuation page

**Registered or principal address**
This is the address that will appear on the public record This address must be a physical location for the delivery of documents It cannot be a PO box number (unless contained within a full address), DX number or LP (Legal Post in Scotland) number

**C2**    **Location of the registry of the corporate body or firm**

Is the corporate secretary registered within the European Economic Area (EEA)?
→ Yes   Complete **Section C3 only**
→ No   Complete **Section C4 only**

**C3**    **EEA companies** ❷

Please give details of the register where the company file is kept (including the relevant state) and the registration number in that register

| | |
|---|---|
| Where the company/firm is registered ❸ | |
| Registration number | |

❷ **EEA**
A full list of countries of the EEA can be found in our guidance
www companieshouse gov uk

❸ This is the register mentioned in Article 3 of the First Company Law Directive (68/151/EEC)

**C4**    **Non-EEA companies**

Please give details of the legal form of the corporate body or firm and the law by which it is governed If applicable, please also give details of the register in which it is entered (including the state) and its registration number in that register

| | |
|---|---|
| Legal form of the corporate body or firm | |
| Governing law | |
| If applicable, where the company/firm is registered ❹ | |
| Registration number | |

❹ **Non-EEA**
Where you have provided details of the register (including state) where the company or firm is registered, you must also provide its number in that register

**C5**    **Signature** ❺

I consent to act as secretary of the proposed company named in **Section A1**

| Signature | Signature    X             X |
|---|---|

❺ **Signature**
The person named above consents to act as corporate secretary of the proposed company

# IN01

Application to register a company

## Director

### D1    Director appointments ❶

| | |
|---|---|
| | Please use this section to list all the director appointments taken on formation **For a corporate director, complete Sections E1-E5** |
| Title* | |
| Full forename(s) | STEPHEN |
| Surname | MUIR |
| Former name(s) ❷ | |
| Country/State of residence ❸ | UK |
| Nationality | BRITISH |
| Date of birth | <sup>d</sup>1 <sup>d</sup>4   <sup>m</sup>0 <sup>m</sup>5   <sup>y</sup>1 <sup>y</sup>9 <sup>y</sup>7 <sup>y</sup>6 |
| Business occupation (if any) ❹ | Accountant |

❶ **Appointments**
Private companies must appoint at least one director who is an individual Public companies must appoint at least two directors, one of which must be an individual

❷ **Former name(s)**
Please provide any previous names which have been used for business purposes in the last 20 years Married women do not need to give former names unless previously used for business purposes

❸ **Country/State of residence**
This is in respect of your usual residential address as stated in section D4

❹ **Business occupation**
If you have a business occupation, please enter here If you do not, please leave blank

**Additional appointments**
If you wish to appoint more than one director, please use the 'Director appointments' continuation page

### D2    Director's service address ❺

| | |
|---|---|
| | Please complete the service address below You must also fill in the director's usual residential address in **Section D4** |
| Building name/number | 2nd FLOOR |
| Street | 50 GRESHAM STREET |
| | |
| Post town | LONDON |
| County/Region | |
| Postcode | E C 2 V   7 A Y |
| Country | UK |

❺ **Service address**
This is the address that will appear on the public record This does not have to be your usual residential address

Please state 'The Company's Registered Office' if your service address will be recorded in the proposed company's register of directors as the company's registered office

If you provide your residential address here it will appear on the public record

### D3    Signature ❻

| | |
|---|---|
| | I consent to act as director of the proposed company named in **Section A1** |
| Signature | X    *[signature]*    X |

❻ **Signature**
The person named above consents to act as director of the proposed company

# IN01
Application to register a company

## Director

### D1 Director appointments ❶

Please use this section to list all the director appointments taken on formation
**For a corporate director, complete Sections E1-E5**

| | |
|---|---|
| Title* | |
| Full forename(s) | |
| Surname | |
| Former name(s) ❷ | |
| Country/State of residence ❸ | |
| Nationality | |
| Date of birth | d d 　 m m 　 y y y y |
| Business occupation (if any) ❹ | |

**❶ Appointments**
Private companies must appoint at least one director who is an individual Public companies must appoint at least two directors, one of which must be an individual

**❷ Former name(s)**
Please provide any previous names which have been used for business purposes in the last 20 years Married women do not need to give former names unless previously used for business purposes

**❸ Country/State of residence**
This is in respect of your usual residential address as stated in Section D4

**❹ Business occupation**
If you have a business occupation, please enter here If you do not, please leave blank

**Additional appointments**
If you wish to appoint more than one director, please use the 'Director appointments' continuation page

### D2 Director's service address ❺

Please complete the service address below You must also fill in the director's usual residential address in **Section D4**.

| | |
|---|---|
| Building name/number | |
| Street | |
| Post town | |
| County/Region | |
| Postcode | |
| Country | |

**❺ Service address**
This is the address that will appear on the public record This does not have to be your usual residential address

Please state 'The Company's Registered Office' if your service address will be recorded in the proposed company's register of directors as the company's registered office

If you provide your residential address here it will appear on the public record

### D3 Signature ❻

I consent to act as director of the proposed company named in **Section A1**

| | |
|---|---|
| Signature | Signature ✗ 　　　　　　　　 ✗ |

**❻ Signature**
The person named above consents to act as director of the proposed company

# IN01

Application to register a company

## Corporate director

| **E1** | Corporate director appointments ❶ | |
|---|---|---|
| | Please use this section to list all the corporate directors taken on formation | **❶ Additional appointments** If you wish to appoint more than one corporate director, please use the 'Corporate director appointments' continuation page |
| Name of corporate body or firm | WHALE ROCK DIRECTORS LIMITED | |
| Building name/number | 2ND FLOOR | **Registered or principal address** This is the address that will appear on the public record. This address must be a physical location for the delivery of documents. It cannot be a PO box number (unless contained within a full address), DX number or LP (Legal Post in Scotland) number |
| Street | 50 GRESHAM STREET | |
| Post town | LONDON | |
| County/Region | | |
| Postcode | E C 2 V 7 A Y | |
| Country | UK | |

| **E2** | Location of the registry of the corporate body or firm | |
|---|---|---|
| | Is the corporate director registered within the European Economic Area (EEA)? → Yes  Complete **Section E3 only** → No  Complete **Section E4 only** | |

| **E3** | EEA companies ❷ | |
|---|---|---|
| | Please give details of the register where the company file is kept (including the relevant state) and the registration number in that register | **❷ EEA** A full list of countries of the EEA can be found in our guidance www.companieshouse.gov.uk |
| Where the company/ firm is registered ❸ | ENGLAND | **❸** This is the register mentioned in Article 3 of the First Company Law Directive (68/151/EEC) |
| Registration number | 3214010 | |

| **E4** | Non-EEA companies | |
|---|---|---|
| | Please give details of the legal form of the corporate body or firm and the law by which it is governed. If applicable, please also give details of the register in which it is entered (including the state) and its registration number in that register | **❹ Non-EEA** Where you have provided details of the register (including state) where the company or firm is registered, you must also provide its number in that register |
| Legal form of the corporate body or firm | | |
| Governing law | | |
| If applicable, where the company/firm is registered ❹ | | |
| If applicable, the registration number | | |

| **E5** | Signature ❺ | |
|---|---|---|
| | I consent to act as director of the proposed company named in **Section A1** | **❺ Signature** The person named above consents to act as corporate director of the proposed company |
| Signature | X ~~signature~~ X **For and on behalf of Whale Rock Directors Limited** | |

# IN01

**Application to register a company**

## Part 3 — Statement of capital

Does your company have share capital?
→ **Yes** Complete the sections below
→ **No** Go to Part 4 (Statement of guarantee)

### F1 — Share capital in pound sterling (£)

Please complete the table below to show each class of shares held in pound sterling
If all your issued capital is in sterling, only complete **Section F1** and then go to **Section F4**

| Class of shares (E g Ordinary/Preference etc ) | Amount paid up on each share ❶ | Amount (if any) unpaid on each share ❶ | Number of shares ❷ | Aggregate nominal value ❸ |
|---|---|---|---|---|
| | | | | £ |
| | | | | £ |
| | | | | £ |
| | | | | £ |
| | | **Totals** | | £ |

### F2 — Share capital in other currencies

Please complete the table below to show any class of shares held in other currencies
Please complete a separate table for each currency

**Currency** US DOLLAR

| Class of shares (E g Ordinary/Preference etc ) | Amount paid up on each share ❶ | Amount (if any) unpaid on each share ❶ | Number of shares ❷ | Aggregate nominal value ❸ |
|---|---|---|---|---|
| ORDINARY | $0 | $1 | 1 | US$1 |
| | | | | |
| | | **Totals** | 1 | US$1 |

**Currency**

| Class of shares (E g Ordinary/Preference etc ) | Amount paid up on each share ❶ | Amount (if any) unpaid on each share ❶ | Number of shares ❷ | Aggregate nominal value ❸ |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | **Totals** | | |

### F3 — Totals

| | Please give the total number of shares and total aggregate nominal value of issued share capital | ❸ **Total aggregate nominal value** Please list total aggregate values in different currencies separately For example £100 + €100 + $10 etc |
|---|---|---|
| Total number of shares | 1 | |
| Total aggregate nominal value ❸ | US$1 | |

❶ Including both the nominal value and any share premium
❷ Total number of issued shares in this class

❸ Number of shares issued multiplied by nominal value of each share

**Continuation Pages**
Please use a Statement of Capital continuation page if necessary

# IN01
Application to register a company

**Statement of capital** (Prescribed particulars of rights attached to shares)

Please give the prescribed particulars of rights attached to shares for each class of share shown in the statement of capital share tables in **Sections F1 and F2**

| | |
|---|---|
| Class of share | ORINDARY |
| Prescribed particulars ❶ | Voting Rights |

On a show of hands every member who (being an individual) is present in person or (being a corporation) is present by a duly authorised representative, not being himself a member entitled to vote, shall have one vote and on a poll every member shall have one vote for every share of which he is the holder

Rights (re Dividends) to participate in a Distribution

All dividends shall be declared and paid according to the amounts paid up on the shares on which the dividend is paid  All dividends shall be apportioned and paid proportionately to the amounts paid up on the shares during any portion or portions of the period in respect of which the dividend is paid, but, if any share is issued on terms providing that it shall rank for dividend as from a particular date, that share shall rank for dividend accordingly

Rights (re Capital) to participate in a Distribution

If the company is wound up, the liquidator may, with the sanction of a special resolution of the company and any other sanction required by the Act, divide among the members in specie in whole or any part of the assets of the company and may, for that purpose, value any assets and determine how the division

Redemption of shares at option of company or shareholder

The shares are not redeemable

**❶ Prescribed particulars of rights attached to shares**

The particulars are
a particulars of any voting rights, including rights that arise only in certain circumstances,
b particulars of any rights, as respects dividends, to participate in a distribution,
c particulars of any rights, as respects capital, to participate in a distribution (including on winding up), and
d whether the shares are to be redeemed or are liable to be redeemed at the option of the company or the shareholder and any terms or conditions relating to redemption of these shares

A separate table must be used for each class of share

**Continuation pages**
Please use the next page or a 'Statement of Capital (Prescribed particulars of rights attached to shares)' continuation page if necessary

# IN01

Application to register a company

| Class of share | |
|---|---|
| Prescribed particulars ❶ | |

❶ **Prescribed particulars of rights attached to shares**

The particulars are
a  particulars of any voting rights, including rights that arise only in certain circumstances,
b  particulars of any rights as respects dividends, to participate in a distribution
c  particulars of any rights, as respects capital, to participate in a distribution (including on winding up), and
d  whether the shares are to be redeemed or are liable to be redeemed at the option of the company or the shareholder and any terms or conditions relating to redemption of these shares

A separate table must be used for each class of share

**Continuation pages**
Please use a 'Statement of capital (Prescribed particulars of rights attached to shares)' continuation page if necessary

# IN01
Application to register a company

**F5**      Initial shareholdings

This section should only be completed by companies incorporating with share capital

Please complete the details below for each subscriber

The addresses will appear on the public record  These do not need to be the subscribers' usual residential address

**Initial shareholdings**
Please list the company's subscribers in alphabetical order

Please use an 'Initial shareholdings' continuation page if necessary

| Subscriber's details | Class of share | Number of shares | Currency | Nominal value of each share | Amount (if any) unpaid | Amount paid |
|---|---|---|---|---|---|---|
| Name **WHALE ROCK DIRECTORS LIMITED**<br>Address **2ND FLOOR, 50 GRESHAM ST LONDON EC2V 7AY** | ORDINARY | 1 | US$ | US$1 | US$1 | US$0 |
| Name<br>Address | | | | | | |
| Name<br>Address | | | | | | |
| Name<br>Address | | | | | | |
| Name<br>Address | | | | | | |

## Part 4    Statement of guarantee

Is your company limited by guarantee?

→ **Yes**  Complete the sections below

→ **No**  Go to **Part 5** (Statement of compliance)

### G1    Subscribers

Please complete this section if you are a subscriber of a company limited by guarantee  The following statement is being made by each and every person named below

I confirm that if the company is wound up while I am a member, or within one year after I cease to be a member, I will contribute to the assets of the company by such amount as may be required for

- payment of debts and liabilities of the company contracted before I cease to be a member,
- payment of costs, charges and expenses of winding up, and,
- adjustment of the rights of the contributors among ourselves, *not exceeding the specified amount below*

**❶ Name**
Please use capital letters

**❷ Address**
The addresses in this section will appear on the public record  They do not have to be the subscribers' usual residential address

**❸ Amount guaranteed**
Any valid currency is permitted

**Continuation pages**
Please use a 'Subscribers' continuation page if necessary

---

**Subscriber's details**

| | |
|---|---|
| Forename(s) ❶ | |
| Surname ❶ | |
| Address ❷ | |
| Postcode | |
| Amount guaranteed ❸ | |

**Subscriber's details**

| | |
|---|---|
| Forename(s) ❶ | |
| Surname ❶ | |
| Address ❷ | |
| Postcode | |
| Amount guaranteed ❸ | |

**Subscriber's details**

| | |
|---|---|
| Forename(s) ❶ | |
| Surname ❶ | |
| Address ❷ | |
| Postcode | |
| Amount guaranteed ❸ | |

# IN01
## Application to register a company

| Subscriber's signature | Signature X | X |
| Subscriber's signature | Signature X | X |
| Subscriber's signature | Signature X | X |
| Subscriber's signature | Signature X | X |

**Continuation pages**
Please use a 'Statement of compliance delivered by the subscribers' continuation page if more subscribers need to sign

## H2 Statement of compliance delivered by an agent

Please complete this section if this application is delivered by an agent for the subscribers to the memorandum of association

| Agent's name | WHALE ROCK COMPANY SECRETARIAT LIMITED |
| Building name/number | 2ND FLOOR |
| Street | 50 GRESHAM STREET |
| | |
| Post town | LONDON |
| County/Region | |
| Postcode | E C 2 V 7 A Y |
| Country | UK |

I confirm that the requirements of the Companies Act 2006 as to registration have been complied with

| Agent's signature | Signature X ~~signature~~ | X |

FOR & ON BEHALF OF WHALE ROCK COMPANY SECRETARIAT LIMITED

# IN01

Application to register a company

## 👤 Presenter information

You do not have to give any contact information, but if you do it will help Companies House if there is a query on the form The contact information you give will be visible to searchers of the public record

Contact name **TONY BHAMBHRA**

Company name **WHALE ROCK COMPANY SECRETARIAT LIMITED**

Address **2ND FLOOR, 50 GRESHAM STREET**

Post town **LONDON**

County/Region

Postcode **E C 2 V 7 A Y**

Country

DX

Telephone **0844 893 0811**

## ✓ Certificate

We will send your certificate to the presenters address (shown above) or if indicated to another address shown below

☐ At the registered office address (Given in Section A6)
☐ At the agents address (Given in Section H2)

## ✓ Checklist

We may return forms completed incorrectly or with information missing

Please make sure you have remembered the following
☐ You have checked that the proposed company name is available as well as the various rules that may affect your choice of name More information can be found in guidance on our website
☐ If the name of the company is the same as one already on the register as permitted by The Company and Business Names (Miscellaneous Provisions) Regulations 2008, please attach consent
☐ You have used the correct appointment sections
☐ Any addresses given must be a physical location They cannot be a PO Box number (unless part of a full service address), DX or LP (Legal Post in Scotland) number
☐ The document has been signed, where indicated
☐ All relevant attachments have been included
☐ You have enclosed the Memorandum of Association
☐ You have enclosed the correct fee

## ❗ Important information

Please note that all information on this form will appear on the public record, apart from information relating to usual residential addresses

## £ How to pay

A fee of £20 is payable to Companies House to register a company

Make cheques or postal orders payable to 'Companies House'

## ✉ Where to send

You may return this form to any Companies House address, however for expediency we advise you to return it to the appropriate address below

**For companies registered in England and Wales**
The Registrar of Companies, Companies House, Crown Way, Cardiff, Wales, CF14 3UZ
DX 33050 Cardiff

**For companies registered in Scotland**
The Registrar of Companies, Companies House, Fourth floor, Edinburgh Quay 2, 139 Fountainbridge, Edinburgh, Scotland, EH3 9FF
DX ED235 Edinburgh 1
or LP - 4 Edinburgh 2 (Legal Post)

**For companies registered in Northern Ireland**
The Registrar of Companies, Companies House, First Floor, Waterfront Plaza, 8 Laganbank Road, Belfast, Northern Ireland, BT1 3BS
DX 481 N R Belfast 1

**Section 243 exemption**
If you are applying for, or have been granted a section 243 exemption, please post this whole form to the different postal address below
The Registrar of Companies, PO Box 4082, Cardiff, CF14 3WE

## ℹ Further information

For further information, please see the guidance notes on the website at www companieshouse gov uk or email enquiries@companieshouse gov uk

## This form is available in an alternative format. Please visit the forms page on the website at www.companieshouse.gov.uk

CHFP000
02/10 Version 2 1

**The Companies Act 2006**

**Company Having a Share Capital**

# Memorandum of Association

## of

# MICRO FOCUS (IP2) LIMITED

Each subscriber to this Memorandum of Association wishes to form a company under the Companies Act 2006 and agrees to become a member of the Company and to take at least one share

| Name of each subscriber | Authentication by each subscriber |
| --- | --- |
| Whale Rock Directors Limited | *[signature]* |
| | For and on behalf of Whale Rock Directors Limited |

Dated 23 April 2010

# EXHIBIT B

100822 150

In accordance with
Section 78 of the
Companies Act 2006

# NM01 SAME DAY
## Notice of change of name by resolution
## £50



Companies House
— for the record —

A fee is payable with this form
Please see 'How to pay' on the last page

✓ **What this form is for**
You may use this form to give notice of an unconditional change of name by the company members

✗ **What this form is NOT for**
You cannot use this form to give notice of a conditional change of name

MONDAY

*AAN42NDD*

A09       13/09/2010       172
COMPANIES HOUSE

## 1 Company details

| Company number | 7 2 3 3 9 7 5 |
|---|---|
| Existing company name in full | MICRO FOCUS (IP2) LIMITED |

→ **Filling in this form**
Please complete in typescript or in bold black capitals.

All fields are mandatory unless specified or indicated by *

## 2 Proposed name

The above company resolved to change the company name to

**Proposed name ❶**     MICRO FOCUS IP DEVELOPMENT LIMITED

Please note that the Registrar cannot change the company name until a copy of the resolution has been received

❶ **Sensitive words**
If the proposed name contains sensitive or restricted words or expressions you must provide form NM06 'Request to seek comments of government department or other specified body on change of name' and the appropriate supporting information before the name can be changed

## 3 Signature

I am signing this form on behalf of the company

**Signature**

Signature

X                                          X

This form may be signed by
Director ❷, Secretary, Person authorised ❸, Liquidator, Administrator, Administrative receiver, Receiver, Receiver manager, Charity commission receiver and manager, CIC manager

❷ **Societas Europaea**
If the form is being filed on behalf of a Societas Europaea (SE) please delete 'director' and insert details of which organ of the SE the person signing has membership.

❸ **Person authorised**
Under either section 270 or 274 of the Companies Act 2006

BIS | Department for Business Innovation & Skills

CHFP000
05/10 Version 4 0

# NM01
## Notice of change of name by resolution

### 👤 Presenter information

You do not have to give any contact information, but if you do it will help Companies House if there is a query on the form The contact information you give will be visible to searchers of the public record

Contact name **PHILIP HORNER**

Company name **MICRO FOCUS INTERNATIONAL PLC**

Address **THE LAWN, 22-30 OLD BATH ROAD**

Post town **NEWBURY**

County/Region **BERKSHIRE**

Postcode | R | G | 1 | 4 | | 1 | Q | N |

Country **UNITED KINGDOM**

DX

Telephone **01635 32646**

### ✔️ Checklist

We may return forms completed incorrectly or with information missing

Please make sure you have remembered the following
- ☐ The company name and number match the information held on the public Register
- ☐ You have given the proposed name in section 2
- ☐ You have attached a copy of the resolution unless previously filed
- ☐ You have signed the form
- ☐ You have enclosed the correct fee

### ❗ Important information

Please note that all information on this form will appear on the public record

### 💷 How to pay

A fee of £10 is payable to Companies House in respect of a notice of change of name by resolution

Make cheques or postal orders payable to 'Companies House'

### ✉️ Where to send

You may return this form to any Companies House address, however for expediency we advise you to return it to the appropriate address below

**For companies registered in England and Wales**
The Registrar of Companies, Companies House, Crown Way, Cardiff, Wales, CF14 3UZ
DX 33050 Cardiff

**For companies registered in Scotland.**
The Registrar of Companies, Companies House, Fourth floor, Edinburgh Quay 2,
139 Fountainbridge, Edinburgh, Scotland, EH3 9FF
DX ED235 Edinburgh 1
or LP - 4 Edinburgh 2 (Legal Post)

**For companies registered in Northern Ireland**
The Registrar of Companies, Companies House, Second Floor, The Linenhall, 32-38 Linenhall Street, Belfast, Northern Ireland, BT2 8BG
DX 481 N R Belfast 1

### ℹ️ Further information

For further information, please see the guidance notes on the website at www companieshouse gov uk or email enquiries@companieshouse gov uk

## This form is available in an alternative format. Please visit the forms page on the website at www.companieshouse.gov.uk



# FILE COPY

# CERTIFICATE OF INCORPORATION
# ON CHANGE OF NAME

Company No. 7233975

The Registrar of Companies for England and Wales hereby certifies that under the Companies Act 2006:

## MICRO FOCUS (IP2) LIMITED

a company incorporated as private limited by shares; having its registered office situated in England/Wales; has changed its name to:

## MICRO FOCUS IP DEVELOPMENT LIMITED

Given at Companies House on **13th September 2010**





**THE OFFICIAL SEAL OF THE
REGISTRAR OF COMPANIES**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that true and correct copies of the foregoing document

was caused to be served on November 19, 2021 on the following counsel in the manner indicated:

<u>**VIA EMAIL:**</u>

J. Clayton Athey
PRICKETT, JONES & ELLIOTT, P.A.
1310 N. King Street
Wilmington, DE 19801
(302) 888-6500
*jcathey@prickett.com*

Hugh J. Marbury
Ryan P. Bottegal
COZEN O'CONNOR
1200 19TH Street, NW, 3rd Floor
Washington, D.C. 20036
(202) 747-0781
*hmarbury@cozen.com*
*rbottegal@cozen.com*

Stuart M.G. Seraina
BALDWINLAW LLC
111 South Calvert Street, Suite 1805
Baltimore, Maryland 21202
(410) 385-5695
*sseraina@baldwinlawllc.com*

*Attorneys for Plaintiffs*

*/s/ Brian Lemon*_____
Brian Lemon (#4730)