IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MICRO FOCUS (US), INC. and MICRO FOCUS IP DEVELOPMENT LIMITED,<br><br>Plaintiffs;<br><br>v.<br><br>INSURANCE SERVICES OFFICE, INC.,<br><br>Defendant. | Civil Action No. 15-252-RGA |

MEMORANDUM OPINION

J. Clayton Athey, PRICKETT, JONES & ELLIOTT, P.A., Wilmington, DE; Hugh J. Marbury, Kaan Ekiner, Ryan P. Bottegal, COZEN O'CONNOR, Washington, DC; Stuart M.G. Seraina, BALDWINLAW LLC, Baltimore, MD;

    Attorneys for Plaintiffs.

Brian R. Lemon, McCARTER & ENGLISH, LLP, Wilmington, DE; Scott S. Christie, McCARTER & ENGLISH, LLP, Newark, New Jersey;

    Attorneys for Defendant.

May 12, 2022

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is Defendant's motion to dismiss for lack of standing and subject matter jurisdiction. (D.I. 291). I have considered the parties' briefing. (D.I. 291, 294, 297). For the following reasons, Defendant's motion is GRANTED-IN-PART.

## I.     BACKGROUND

Plaintiffs Micro Focus (US), Inc. ("MF US") and Micro Focus IP Development Limited ("MF UK") (collectively "Micro Focus") sued Defendant Insurance Services Office ("ISO") for breach of contract and copyright infringement. (D.I. 1). MF US and MF UK are subsidiaries of Micro Focus International, plc. (D.I. 24 ¶¶1–2). MF UK owns various software programs that MF US distributes in the United States. (*Id.* ¶¶ 1, 8; D.I. 294 ¶ 19). ISO is a risk assessment services provider and uses Micro Focus's software to produce its own software products. (D.I. 24 ¶¶ 16–17). Micro Focus alleges that ISO has exceeded ISO's authorized use of Micro Focus's software programs, resulting in breach of the click-through End User License Agreements ("EULAs") and infringement of MF UK's copyright. (D.I. 24 ¶¶ 46–64). In 2021, I dismissed Micro Focus's copyright claim. (D.I. 275). Only the contract claims remain.

## II.    LEGAL STANDARD

Standing is a constitutional requirement that a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*

"Subject-matter jurisdiction refers to the courts' statutory or constitutional power to adjudicate the case." *N.L.R.B. v. New Vista Nursing & Rehab.*, 719 F.3d 203, 211 (3d Cir. 2013)

(cleaned up).  A party may assert lack of subject-matter jurisdiction by motion under Fed. R. Civ.

P. 12(b)(1).  "If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

### III.   DISCUSSION

ISO argues that I must dismiss MF UK for lack of standing, and when I do so, I must

dismiss the contract claims because I do not have subject matter jurisdiction.  I agree with ISO

that MF UK lacks standing.  I do not agree that MF UK's dismissal defeats subject matter

jurisdiction.

### A.  Standing

MF UK owns the software under contract.  (D.I. 24 ¶ 2).  MF US markets and distributes

the software in the United States.  (D.I. 294 ¶ 19).  The asserted contracts are between ISO and

MF US, not MF UK.  (*Id.* ¶ 20).  "As a general matter, only a party to a contract has standing to

enforce a contract and sue for breach of that contract."  *Rottlund Homes of New Jersey, Inc. v.*

*Saul, Ewing, Remick & Saul, L.L.P.*, 243 F. Supp. 2d 145, 153 (D. Del. 2003).  Micro Focus

argues that MF UK has standing as a third-party beneficiary.  (D.I. 294 ¶17).  Under both

Delaware law and Maryland law, which govern the EULAs at issue, third-party beneficiaries can

enforce a contract.  *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 535 (3d Cir. 1988)

(Delaware law); *Gray Constr., Inc. v. Medline Indus., Inc.*, 2020 WL 5816502, at *12 (D. Md.

Sept. 30, 2020) (Maryland law); (D.I. 294-1 Ex. 1 ¶ 18, Ex. 2 ¶17).

To determine whether Micro Focus is a third-party beneficiary, I must consider the intent

of the parties in entering into the contracts.  *See Gray Constr.*, 2020 WL 5816502, at *12 ("In

order for a third party beneficiary to recover for a breach of contract, it must clearly appear that

the parties intended to recognize [the third party] as the primary party in interest and as privy to

the promise." (cleaned up)); *CHS/Community Health Systems, Inc. v. Steward Health Care Sys. LLC*, 2020 WL 4917597, at *3 (Del. Ch. Aug. 21, 2020) (requiring that "(i) the contracting parties must have intended that the third party beneficiary benefit from the contract, (ii) the benefit must have been intended as a gift or in satisfaction of a pre-existing obligation to that person, and (iii) the intent to benefit the third party must be a material part of the parties' purpose in entering into the contract.").

Micro Focus argues that MF UK is a third-party beneficiary as owner of the software under license.  (*See* D.I. 294 ¶¶19–22).  MF UK's legal status as owner of the software under contract does not, on its own, give MF UK standing.  Micro Focus must show that both parties to the contract intended for MF UK to be a third-party beneficiary.  Micro Focus has pled no facts nor offered any evidence regarding ISO's intent in accepting the EULAs at issue.  Instead, Micro Focus argues, "The primary purpose of EULAs, such as here, is to protect the owner of the software.  ISO, as a sophisticated user of software, would have understood this when accepting. ISO would also recognize that the language of the EULAs it accepted was to benefit the owner of the 'Micro Focus Software' (i.e., [MF UK])."  (D.I. 294 ¶ 21).

In response, ISO offers evidence that MF UK was not even incorporated until April 23, 2010—after ISO purportedly accepted the EULAs.  (D.I. 297 ¶ 6, D.I. 297-1, Exs. A and B). ISO could not have intended for the agreement to benefit an entity that did not exist at the time the contract was accepted.  Even if I do not take judicial notice of the evidence of incorporation offered by ISO, Micro Focus has not pled facts or offered other evidence showing that ISO intended for MF UK to be a third-party beneficiary.  The contracts define "Micro Focus" as "the Micro Focus legal entity authorized to license the Software in the territory where Licensee acquires the Software."  (D.I. 294-1, Ex. 1 ¶ 18 and Ex. 2 ¶ 17 (similar definition)).  That entity

is undisputedly MF US.  (D.I. 294 ¶ 20).  While the contracts may hint at the existence of other

"Micro Focus" entities, the language does not suggest that any other Micro Focus entity is an

intended third-party beneficiary.  Micro Focus points to no evidence supporting its assertion that

the "primary purpose of EULAs" are to protect the owner of the software.  (D.I. 294 ¶ 21).  Nor

does Micro Focus cite any cases for this proposition.  (*Id.*).  Micro Focus has pled no "facts

which could reasonably lead to the inference that [MF UK] was an intended beneficiary."

*Greater N.Y. Mut. Ins. Co. v. Travelers Ins. Co.*, 2011 WL 4501207, at *3 (D. Del. Sept. 28,

2011).  Thus, I find that Micro Focus has not shown that MF UK has standing for the breach of

contract claims.

### B.  Subject Matter Jurisdiction

ISO also challenges subject matter jurisdiction.  According to ISO, I do not have federal

question jurisdiction because there is no longer a federal question in this case, I do not have

diversity jurisdiction, and I cannot look to the time the case was filed to assert jurisdiction

because MF UK's dismissal triggers the change-of-party exception to the time of filing rule.

(D.I. 291 ¶¶ 12–23).

I think ISO's briefing overcomplicates the jurisdictional question.  I have supplemental

jurisdiction—the codified version of its common-law predecessor pendent jurisdiction—over the

contract claims.  28 U.S.C. § 1367(a); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d

Cir. 1995).  Supplemental jurisdiction allows a federal court to exercise subject matter

jurisdiction over state law claims that are related to the asserted federal claims.  *Carlsbad Tech.,*

*Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

Here, Micro Focus sued ISO for breach of contract, a state law claim, and copyright

infringement, a federal claim.  The federal claim conferred federal question jurisdiction over the

action, and Section 1367 conferred supplemental jurisdiction over the state law claims.  When

the copyright claim was dismissed, I retained supplemental jurisdiction over the remaining state

law claims.  *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d

1492, 1505 (3d Cir. 1996) ("Once a court has decided to exercise jurisdiction over the state

claim, . . . elimination of the federal claim does not deprive the court of the constitutional power

to adjudicate the pendent claim.").

   ISO's opening brief does not explain why I do not have supplemental jurisdiction.  Micro

Focus sensibly argues that I do.  (D.I. 294 ¶¶ 23–27).  ISO nonetheless replies that the change-of-

party exception applies in this case.  (D.I. 297 ¶¶ 8–19).  I disagree.

   "[The] time-of-filing rule is hornbook law (quite literally) taught to first-year law

students in any basic course on federal civil procedure. It measures all challenges to subject-

matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at

the time of filing . . . ."  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004).

Under the change of party exception, dismissal of a nondiverse party can cure a jurisdictional

defect.  *See id.* at 572.

   ISO's arguments in favor of applying the change of party exception when I have

supplemental jurisdiction fall flat.  ISO points to no analogous case to support its position.  ISO's

reliance on *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith*

*Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012) is misplaced.  (D.I. 297 ¶ 12).  The quoted

portion of *Nuveen* discusses the conceivability standard in bankruptcy law.  692 F.3d at 294.

The question in the case was whether there was federal question jurisdiction, not whether

supplemental jurisdiction continued after the federal claim dropped out of the case.  *Id.* at 287–

88.

ISO also makes a textualist argument that under Section 1367, "A court cannot exercise supplemental jurisdiction if it does not currently have original jurisdiction over at least one other claim." (D.I. 297 ¶ 17). This is clearly contrary to Supreme Court precedent. *See Carlsbad*, 556 U.S. at 639 ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

In this case, the factors of "judicial economy, convenience, and fairness to the parties" weigh in favor of continuing to exercise supplemental jurisdiction. *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017). The case has been in this court for seven years. The parties have spent considerable time and effort litigating in this forum. There has been extensive discovery, including curative discovery. (*See* D.I. 294 at 4 n.2 (collecting docket items)). Expert reports have been exchanged. (D.I. 294 ¶ 7). I have become quite familiar with the case through my consideration of numerous discovery disputes, three motions to dismiss, and a motion for summary judgment. (D.I. 5, 80, 191, 243, 249, 264, 278, 291). The issues in the case do not involve novel questions of Delaware or Maryland law. Thus, I will retain supplemental jurisdiction to consider the remaining state law claims.

Because I am retaining supplemental jurisdiction to hear the case, I need not consider ISO's arguments regarding retaining jurisdiction to decide a motion for an award of attorneys' fees. (D.I. 291 ¶¶ 23–24).

IV.    **CONCLUSION**

An appropriate order will issue.